MAHLER *et al.* v. GARBER *et al.*

*Appeal from General Term, Tenth District (Clayton County) — Wednesday, October 27.*

NEW TRIAL: CONFLICTING EVIDENCE.

PLAINTIFFS declare upon the following instrument:

"ELKPORT, CLAYTON COUNTY, IOWA, }
"*April 23*, 1855. }

"Received of Abram Mahler and Henry Weed, Sr., of Augusta county, Virginia, fourteen hundred dollars, for which we bind ourselves, our administrators and executors, for the true payment thereof, with ten per cent interest per annum from date.

"Now, this obligation is such, that whereas Martin Garber, of the county of Clayton and State of Iowa, received said money for the purpose of speculation from the parties above named, and is to use it in any way he may think proper, and the net proceeds shall be divided between the said parties: two-thirds to the said Abram Mahler and Henry Weed, Sr.; one-third to the said Martin Garber, including the ten per cent first above mentioned. The said Martin Garber shall have one year's notice before payment.

"MARTIN GARBER,
her
"MAGDELENE ⋈ GARBER,
mark.
"JOHN GARBER."

On the back of said bond or obligation is the following:

"February 4, 1861. — Received on the within four hundred and ten dollars, by check on Chemical Bank, New York.
"ABRAM MAHLER."

It is averred that Martin Garber did "not enter into any speculation contemplated by said obligation with the money" by him received; that defendants have refused and neglected, etc. Wherefore, etc.

The answer, averring other things, sets up that the money was invested in cattle and lands, etc.; that it was used to the best of the judgment of the said Martin; that said investments were unfortunate, whereby the capital, to wit: the $1,400, together with other outlays made, were totally and entirely lost, etc. The case, upon the issue thus joined, went to the jury, and under the testimony the court charged that if the money was invested in speculation, as set up in the answer, plaintiffs could not recover in this action, but must resort to equity. If, however, it was not invested, the plaintiffs would be entitled to recover the amount received, with interest, less payments, etc. Verdict for plaintiffs; motion for new trial overruled; judgment

acccrdingly. Defendants appealed to the General Term, and, the judgment of the District Court being there affirmed, they appeal to this court.

*Noble, Hatch & Frese* for the appellants — *E. Odell* and *S. F. Woodward* for the appellees.

WRIGHT, J. — Upon several grounds we think this judgment might be affirmed. It is sufficient to state one:

Under the instructions (to which no objections are now urged), the judgment should not be disturbed if the jury was justified in finding that the money had not been invested in speculation, etc. An examination of the record satisfies us, that, in this respect, the verdict is correct, or, at least, is far from being so contrary to the weight of evidence as to justify our interference. There was, to say the least, *conflict,* and more than this need not be said. It is unnecessary to examine the point upon which the judges at the General Term differed, as, under the above view of the case, the discussion becomes unimportant.

                                                Affirmed.